# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTIE C. BROYLES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-08-447-SPS |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Christie Broyles requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining that she was not disabled. For the reasons set forth below, the Commissioner's decision is AFFIRMED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on July 12, 1980, and was twenty-seven years old at the time of the administrative hearing. She has a twelfth grade education and vocational training, passed exams to become a certified nurse's aide and a certified medication aide, and has worked as a cook, a patient care-giver, and a secretary (Tr. 101). The claimant alleges that she has been unable to work since December 1, 2000 because of chronic depression, post-traumatic stress disorder, anxiety, and bipolar disorder (Tr. 110).

## Procedural History

The claimant applied on September 23, 2005 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her application for Title XVI benefits was approved, but her application for Title II benefits was denied. ALJ Michael A. Kirkpatrick held an administrative hearing on the Title II denial and determined the claimant was not disabled in a written opinion dated June 2, 2008. The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation. He found that the claimant had failed to establish that she suffered from any severe physical or mental

impairments prior to September 30, 2002, the date she was last insured. The ALJ thus concluded that the claimant was not disabled for purposes of Title II.

### Review

The claimant raises a single contention of error on appeal, *i. e.*, the ALJ failed to order a retrospective diagnosis of her mental impairments prior to September 30, 2002. The Court finds this contention unpersuasive, and the decision of the Commissioner must therefore be affirmed.

The claimant's medical records amply demonstrate that she currently suffers from severe mental impairments, *i. e.*, post-traumatic stress disorder secondary to sexual abuse, major depression, anorexia nervosa, and personality disorder (Tr. 154, 255, 258, 262, 282, 285, 329). She has attempted suicide on numerous occasions, and was admitted to various mental health facilities beginning in 2004 (Tr. 160, 173, 242, 243, 270). Dr. Sharon Taber, M.D., evaluated the claimant on April 19, 2006, and determined that she met the criteria of Listing 12.04 for affective disorders, Listing 12.06 for anxiety-related disorders and Listing 12.08 for personality disorders (Tr. 390). Dr. Taber also noted that the claimant's depression was characterized by appetite disturbance, sleep disturbance, decreased energy and thoughts of suicide (Tr. 393), that her anxiety was characterized by "[r]ecurrent and intrusive recollections of a traumatic experience" (Tr. 395), and that she exhibited maladaptive personality traits evidence by "intense and unstable interpersonal relationships and impulsive and damaging behavior" (Tr. 397). But Dr. Taber also noted that there was insufficient evidence of any severe impairment for the time period between

December 1, 2000 and September 30, 2002 (Tr. 404). The claimant was also evaluated by Dr. Theresa Horton, Ph.D. on February 1, 2006 (Tr. 442). Dr. Horton diagnosed the claimant with bipolar disorder, major depressive disorder, post-traumatic stress disorder, and borderline personality disorder (Tr. 445). These evaluations evidently persuaded the Commissioner to award Title XVI benefits to the claimant without further hearing.

But in order to receive disability insurance benefits under Title II, the claimant had to show that she was disabled prior to the expiration of her insured status, *i. e.*, before September 30, 2002. *Adams v. Chater*, 93 F.3d 712, 714 (10th Cir. 1996) ("The parties agree that claimant met the earnings requirements of the Social Security Act . . . only through December 31, 1988. Therefore, in order to receive benefits, claimant must establish his disability prior to that date."), *citing Henrie v. United States Department of Health & Human Services,* 13 F.3d 359, 360 (10th Cir. 1993). *See also Potter v. Secretary of Health & Human Services*, 905 F.2d 1346, 1348-49 (10th Cir. 1990) ("[T]he relevant analysis is whether the claimant was actually *disabled* prior to the expiration of her insured status."). The claimant acknowledges that she presented no evidence of a mental impairment before 2004 (and no evidence of an impairment of any kind before September 30, 2002), but nevertheless urges the Court to reverse the Commissioner's decision and remand the case to the ALJ for a retrospective evaluation of her mental condition prior to September 30, 2002. Unfortunately, there is simply no evidence from which such an evaluation *could* be conducted in this case. *See, e. g., Sims v. Barnhart*, 33 Fed. Appx. 944, 947 (10th Cir. 2002) ("While it is proper for the ALJ to consider

retrospective diagnoses or opinions concerning a claimant's impairments, those diagnoses or opinions must still be based on objective evidence of an actual disability prior to the expiration of his insured status . . . In this case, the medical reports do not suggest that Mr. Sims was disabled prior to March 31, 1993."), *citing Flint v. Sullivan,* 951 F.2d 264, 267 (10th Cir. 1991) *and Potter,* 905 F.2d at 1348-49.

The cases cited by the claimant do not support the notion that a retrospective diagnosis is appropriate here. For example, in *Hoffman v. Apfel*, 62 F. Supp. 2d 1204 (D. Kan. 1999), the court did not criticize the ALJ for failing to order a retrospective diagnosis but instead for his treatment of one submitted by the claimant's doctors. *Id.* at 1211. And even in this context, the *Hoffman* court counseled caution. *See id.* at 1207 ("In this instance, the treating physicians have given retrospective opinions, which must be viewed with some caution.").

The Court finds that in the absence of any evidence in the record to suggest that the claimant suffered from a severe mental impairment prior to September 30, 2002, the ALJ was not required to order a retrospective evaluation for which the only avenue of inquiry would be the claimant's own recollection from over seven years ago. The decision of the Commissioner must therefore be affirmed.

## Conclusion

As set forth above, the Court finds that correct legal standards were applied and the decision of the Commissioner is therefore supported by substantial evidence. The Commissioner decision is accordingly hereby AFFIRMED.

**DATED** this 31st day of March, 2010.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**